**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOGAN MICHAEL MERTLICH,

Defendant - Appellant.

No. 25-4147
(D.C. No. 4:21-CR-00035-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Logan Mertlich appeals his revocation sentence for transportation of explosive materials. Defense counsel filed an _Anders_ brief and moved to withdraw as counsel. _See Anders v. California_, 386 U.S. 738, 744 (1967) (stating that if after "conscientious examination" of record, counsel finds appeal "wholly frivolous," counsel may move to withdraw and contemporaneously file a "brief referring to anything in the record that might arguably support the appeal"). Mertlich filed no

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

response, and the government declined to file a brief. Based on our review of the *Anders* brief and the record, we conclude that Mertlich's appeal is wholly frivolous. *See id.* We therefore dismiss the appeal and grant counsel's motion to withdraw. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

## Background

In 2021, Mertlich pleaded guilty to transportation of explosive materials, and the district court sentenced him to 46 months in prison and 36 months of supervised release. As part of the sentencing, the district court imposed several special conditions of supervised release, including that Mertlich must "submit to drug/alcohol testing, under a copayment plan, as directed by the U.S. Probation Office," "complete a substance-abuse evaluation and/or treatment, under a copayment plan, as directed by the U.S. Probation Office," and "complete a mental-health treatment program, under a copayment plan, as directed by the U.S. Probation Office." R. vol. 1, 32. Mertlich completed his prison sentence and began serving his term of supervised release in 2024.

In 2025, Mertlich admitted to violating the terms of his supervised release. The district court then sentenced him to five months in prison, a custodial sentence below the two-year statutory cap for class C felonies, *see* 18 U.S.C. § 3583(e)(3), and below the 6–12 month range provided by the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), which the district court calculated based on Mertlich's category IV criminal history and grade C supervised-release violation, *see* U.S.S.G. § 7B1.4(a)

(2024).[1] The district court also imposed 31 months of supervised release and reimposed the special conditions included in his initial sentencing.

Mertlich appeals.

## Analysis

Counsel's *Anders* brief addresses two potential challenges to Mertlich's revocation sentence, asserting that neither presents a nonfrivolous basis on which to appeal. The first challenge questions whether the special conditions of supervised release improperly delegated authority to the probation office. The second asks whether the district court erred in failing to provide individualized justifications for reimposing each special condition.

Because Mertlich didn't object to any of the conditions of supervised release, we would review both potential challenges for plain error. To establish plain error, a defendant must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). And because neither of Mertlich's challenges present a nonfrivolous ground for finding plain error—and we see no other nonfrivolous arguments in the record—we dismiss his appeal.

---

[1] We cite the 2024 version of the Guidelines because we review district courts' Guidelines calculations against "the [G]uidelines in effect at the time the district court sentenced" the defendant. *United States v. Gonzalez-Coronado*, 419 F.3d 1090, 1095 (10th Cir. 2005). That said, applying the current Guidelines would lead to the same range. *See* U.S.S.G. § 7C1.5.

## I.    Improper Delegation

We begin with whether three special conditions of supervised release impermissibly delegated sentencing authority to the probation office in violation of (1) Article III of the United States Constitution and (2) federal statute. *See United States v. Miller*, 978 F.3d 746, 757–63 (10th Cir. 2020) (analyzing constitutional and statutory delegation challenges).

"Article III . . . confers the authority to impose punishment on the judiciary, and the judiciary may not delegate that authority to a nonjudicial officer." *United States v. Bear*, 769 F.3d 1221, 1230 (10th Cir. 2014). "To decide whether a condition of supervised release [unconstitutionally] delegates judicial authority to a probation officer, we 'distinguish between permissible delegations that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and impermissible delegations that allow the officer to decide the nature or extent of the defendant's punishment.'" *Id.* (cleaned up) (quoting *United States v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011)). "This inquiry focuses on the liberty interest affected by the probation officer's discretion." *Id.*

Applying the plain-error standard to this framework, we conclude that none of the three special conditions discussed in the *Anders* brief present plain constitutional error. The first, which directed Mertlich to "submit to drug/alcohol testing, under a copayment plan, as directed by the U.S. Probation Office," R. vol. 1, 65, is constitutionally permissible under *Miller*, 978 F.3d 746. There, we held that permitting the probation office "to determine the number of drug tests to which [the

4

defendant] must submit was not an unconstitutional delegation of the district court's judicial authority." *Id.* at 763.

The same principle extends to the second and third special conditions, which similarly directed Mertlich to complete "substance-abuse" and "mental-health treatment" programs "under a copayment plan, as directed by the U.S. Probation Office." R. vol. 1, 65. As we explained in *Bear*, the "as directed" language does "not delegate[e] to the probation officer the authority to impose conditions that implicate [the defendant's] significant liberty interests" but rather permits the probation officer to identify an appropriate "treatment plan." 769 F.3d at 1231. And such "ministerial acts or support services" can be delegated to the probation office without implicating Article III. *Id.* at 1230. Accordingly, the district court did not commit plain constitutional error in imposing these special conditions.

Statutory limits on delegation are a different story. We have previously held that 18 U.S.C. § 3583(d)—which authorizes "periodic drug test[ing] . . . (as determined by the court)," *id.*—bars courts from delegating to probation officers the authority to "determine the maximum number of non-treatment-program drug tests to which a defendant may be subjected during his term of supervised release," *Miller*, 978 F.3d at 760. But the special condition here does just that, directing Mertlich to "submit to drug/alcohol testing, under a copayment plan, *as directed by the U.S. Probation Office*." R. vol. 1, 65 (emphasis added). That condition plainly runs afoul of § 3583(d), as interpreted in *Miller*, 978 F.3d at 760–61.

That said, Mertlich would still need to satisfy prong three, showing that this error impacted his substantial rights. But here, as in *Miller*, the record is bereft of any information concerning the number of tests the district court would've ordered. *See id.* at 765–67. Without that information, Mertlich can't "show that he is 'worse off because the probation officer, rather than the district court, has the power to determine the maximum number of drug tests,'" as required by prong three. *Id.* at 766–67 (quoting *United States v. Padilla*, 415 F.3d 211, 221 (1st Cir. 2005)). Any statutory challenge to his drug-testing special condition would thus fail under plain-error review.

## II.    Absence of Individualized Justifications

Next, we consider the district court's failure to explain its reimposition of special conditions as part of the revocation sentence. In general, district courts "must 'provide at least generalized reasons for imposing special conditions of supervised release.'" *United States v. Henry*, 979 F.3d 1265, 1268 (10th Cir. 2020) (quoting *United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010)). But we have not decided whether the same rule applies when a district court reimposes a special condition of release in a revocation sentencing. *See id.* at 1268–70. And given the lack of controlling precedent on this issue, Mertlich cannot show that any error the district court committed by failing to justify these conditions was plain. *See id.*

We therefore agree with the *Anders* brief that Mertlich has no nonfrivolous arguments for reversing his sentence. And as a final matter, we note that our review

6

of the record demonstrates no other basis on which Mertlich could challenge the procedural or substantive reasonableness of his below-Guidelines sentence.

## Conclusion

We see no nonfrivolous grounds for appealing Mertlich's revocation sentence, so we dismiss the appeal and grant counsel's motion to withdraw.

Entered for the Court

Nancy L. Moritz
Circuit Judge